No. 83-103

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

---

IN RE THE MARRIAGE OF

JOHN WAYNE KEATING,

Petitioner and Respondent,

and

TERRI S. KEATING,

Respondent and Appellant.

---

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Diane G. Barz, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Stephens & Cole; Robert L. Stephens, Billings,
Montana

For Respondent:

Berger Law Firm; Chris J. Nelson, Billings, Montana
Olsen, Christensen & Gannett; Damon L. Gannett,
Guardian Ad Litem, Billings, Montana

---

Submitted on Briefs: July 10, 1984

Decided: October 11, 1984

Filed: OCT 11 1984

---
_Ethel M. Harrison_
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Terri S. Keating (wife) appeals from the order of the District Court of Yellowstone County, awarding custody of the two minor children to John Wayne Keating (husband) and dividing the parties' marital estate. We affirm in part and reverse in part the order of the District Court.

The following issues are presented on appeal:

1. Whether the District Court abused its discretion in its division of debts and distribution of marital assets?

2. Whether the District Court abused its discretion in awarding the custody of the minor children to the husband?

John and Terri Keating were married August 7, 1972 and separated in July, 1981. Two children were born of the marriage. The District Court appointed a guardian ad litem to represent the children and conducted four hearings between August, 1981 and December, 1982. The children resided primarily with the mother during this time. Extensive evidence was submitted, including reports, evaluations and recommendations by Dr. Marian Martin, a clinical psychologist who examined John, Terri, the two children and Michael Miller, Terri's present husband. Numerous other witnesses, including the children's teachers, also testified. The District Court entered 64 separate findings of fact in support of its conclusions of law.

I

Did the District Court abuse its discretion in dividing the marital debts and distributing the marital assets?

The primary argument on the part of the wife is that the District Court failed to include an evaluation of the Keating Ranch in the marital assets. The husband owned a 30% interest in a family partnership known as the Keating Ranch.

In its findings of fact, the District Court included a substantial history of the farm operations, a review of machinery values and the basis for appraisal, and a determination that the purchase price value of the ranch at the time of the hearing was $800,000.

The District Court further found that in November, 1981 the current assets of the partnership amounted to $942,322.80, while the liabilities amounted to $976,613.45. The District Court also found that in December, 1982 the assets of the corporation totaled $872,997.80 and the liabilities totaled $887,365.85. As a result, the court concluded that the Keating Ranch was a negative asset and was not to be included in the marital estate.

The wife argues that the court should have considered the possibility for an increase in future value of the ranch assets and that, in failing to do so, the court abused its discretion.

This Court's standard of review of a disposition of marital property was defined in In re the Marriage of Krum v. Krum (Mont. 1980), 614 P.2d 525, 527, 37 St.Rep. 1291, 1295:

> "The disposition of a marital estate is governed by section 40-4-202, MCA, and is largely within the discretion of the District Court. This Court will not disturb the decision of the trial court absent a clear abuse of discretion. . . . The test for abuse of discretion is whether the trial court acted arbitrarily without the employment of conscious judgment or exceeded the bounds of reason."

The wife has failed to show that the court's evaluation of the ranch as a negative asset was arbitrary, without conscious judgment or beyond the bounds of reason. In arguing that the court abused its discretion by failing to include the husband's ranch interest in the marital estate, the wife has disregarded the state of the record. If in fact a percentage of the partnership interest were awarded to the

3

wife, it logically would subject her to an assumption of liabilities. Instead of a benefit to the wife, such an award would appear to be a detriment.

We find substantial evidence to support the District Court's findings that the liabilities of the ranch exceeded the assets in both 1981 and 1982; that the wife made no contribution toward the acquisition or preservation of the ranch; and that the wife should be held harmless from any ranch liabilities. We find no abuse of discretion in the District Court's conclusion that the husband's partnership interest in the Keating Ranch was a negative asset to be set aside to him alone.

We affirm the division of debts and distribution of marital assets by the District Court.

II

Did the District Court abuse its discretion in awarding custody of the two minor children to the husband?

An award of custody shall be determined in accordance with the best interest of the child. In determining custody in accordance with the best interest of the child, the District Court is statutorily required to consider all relevant factors including:

> "(1) the wishes of the child's parent or parents as to his custody;
> (2) the wishes of the child as to his custodian;
> (3) the interaction and interrelationship of the child with his parent or parents, his siblings, and any other person who may significantly affect the child's best interest;
> (4) the child's adjustment to his home, school, and community; and
> (5) the mental and physical health of all individuals involved." Section 40-4-212, MCA.

The wife argues that the District Court failed to make specific findings regarding the interaction and interrelationship of the two minor children with the parents,

4

and their younger stepsister, as required by section 40-4-212(3), MCA. In addition, the wife contends that the District Court should not have found that joint custody was inappropriate because of the parties' difficulty in communicating with each other. She argues that the court's decision to award custody of the children to their father is contradicted by evidence of the parties' willingness to participate in counseling and the father's testimony that joint custody was a viable alternative.

The five factors which the court is required to consider in determining custody are set forth in section 40-4-212, MCA. Without detailing each of the District Court's 34 findings of fact pertaining to custody here, we note that there are no findings regarding the wishes of the children as to their custody (40-4-212(2), MCA), the wishes of the parents (40-4-212(1), MCA), or the interaction and interrelationship of the children with each parent, their siblings, and their stepfather (40-4-212(3), MCA). We commend the court for its thorough findings regarding the parents' educational background, work history and present employment status, as well as the stepfather's employment and child support history, use of alcohol, and physical confrontation in the home. There are also numerous findings paraphrasing the observations and evaluations of two clinical psychologists, both of whom concluded that the children were experiencing varied degrees of behavioral difficulties and that the younger child had significant learning disabilities.

Finding of fact 62 provides that the interests of the children would be best served by placing them in the care, custody and control of their father, subject to the mother's reasonable visitation. Finding of fact 61 specifically states that "conditions in existence in the living situation

5

of [the father] John Wayne Keating appear to provide the minor children with a desirable amount of consistency and stability."

Regarding the statutory requirement that certain factors be considered in all child custody determinations, this Court recently stated:

> "The District Court need not make specific findings on each of the elements. Speer v. Speer (Mont. 1982), 654 P.2d 1001, 1003, 39 St.Rep. 2204, 2206. However, the 'essential and determining facts upon which the District Court rested its conclusion' must be expressed. Cameron v. Cameron (1982), 197 Mont. 226, 231, 641 P.2d 1057, 1060." Hardy v. Hans (Mont. 1984), 685 P.2d 372, 374, 41 St.Rep. 1566, 1569.

In Hardy, the trial court failed to make specific findings of fact, but recited, in a court memorandum, statements the child had made to the court regarding his interaction with family and friends and his adjustment in both communities and schools. This Court concluded that the parents' wishes were obvious and that the child's statements, contained in the court's memorandum, were sufficient to satisfy the statutory requirement that the trail court consider the child's wishes, his adjustment in the community and in school, and his interaction with family and others who may significantly affect his best interest.

Hardy is distinguishable from this case in that here there are no findings or other indications by the court that it considered each of the factors set forth in section 40-4-212, MCA. Absent an indication that the trial court considered all of the statutorily mandated factors, the award of custody cannot be upheld.

The extensive record in this case contains substantial evidence on each of the five factors of which consideration was required. We remand the cause to the District Court for appropriate findings, a determination pursuant to section

6

40-4-212, MCA, and such other proceedings, if any, that the court may deem necessary.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

7