No. 86-590

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

IN RE THE MARRIAGE OF
ROSEANNE BLOOM-HIGHAM,

       Petitioner and Respondent,

  -and-

THOMAS MICHAEL HIGHAM,

       Respondent and Appellant.

---

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Carbon,
Honorable G. Todd Baugh, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Roseanne Bloom-Higham, Pro Se.

    For Respondent:

        Thomas Micheal Higham, Pro Se.

---

Submitted on Briefs: April 3, 1987

Decided: June 17, 1987

Filed: JUN 17 1987

_____
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Appellant brings this appeal pro se from a preliminary decree of dissolution of the District Court of the Thirteenth Judicial District in and for Carbon County, Montana, denying him custody of his son. We remand.

Respondent Roseanne Bloom-Higham filed for dissolution of marriage in November 1984. She and appellant, Thomas Higham, are parents of a boy, then age six, and a girl, then age four. Thomas had custody of a son from a previous marriage. Roseanne petitioned for sole custody of both children of her marriage to Thomas. Thomas resisted her motion for custody of their son. The District Court ordered the court's domestic relations department to make a custody investigation. Subsequent to the order, Thomas filed an amended answer stating he did not oppose Roseanne's demand for custody of both children, although he did not believe "such custody of the children is the best solution for them per se . . . [and he] is willing and much desires to care for the children in part or in whole, at anytime." The children were at that time spending equal time with both parents.

A hearing on the dissolution was held May 8, 1985, at which Roseanne was represented by counsel and Thomas appeared pro se. The hearing was bifurcated, the dissolution was granted awarding custody of both children to Roseanne, with reasonable visitation granted Thomas. The parties and Roseanne's attorney were instructed to attempt to work out a property settlement and the amount of child support payments. A preliminary decree of dissolution was filed June 10, but Thomas did not receive a copy.

Roseanne's counsel apparently notified Thomas by telephone in July that the court desired an "in-chambers" meeting the following day. Thomas attended the meeting and

2

claims it was at that meeting he first learned that the preliminary decree of dissolution granted custody of both children to Roseanne. On advice of the District Judge, he immediately obtained counsel who moved the court to set aside the custody portion of the preliminary decree of dissolution.

A hearing was held in August to set aside the custody portion of the preliminary decree and to set temporary child support. The court ordered Thomas to pay temporary child support of $100 per month per child to Roseanne. In February 1986, the court denied Thomas' motion to set aside the custody decree. His motion to reconsider, filed pro se, was denied. An appeal to this Court filed pro se April 22, 1986, was dismissed as being premature, because the property settlement had not yet been agreed to and no final order had been entered. All issues were settled in September 1986. This appeal was filed pro se on the issue of custody.

"In child custody matters the primary factor to be considered is the best interest of the child. Section 40-4-212, MCA, Malcomb v. Malcomb (1982), Mont. 640 P.2d 450, 39 St.Rep. 262." Meyer v. Meyer (Mont. 1982), 663 P.2d 328, 330, 40 St.Rep. 753, 755.

The relevant factors to be considered as set forth in § 40-4-212, MCA, include:

(1) the wishes of the child's parent or parents as to his custody;

(2) the wishes of the child as to his custodian;

(3) the interaction and interrelationship of the child with his parent, parents, his siblings, and any other person who may significantly affect the child's best interest;

(4) the child's adjustment to his home, school, and community; and

3

>   (5) the mental and physical health of
>   all individuals involved.

While the District Court is not required to make specific findings on each of the five elements in the statute, the "essential and determining facts upon which the District Court rested its conclusion" must be expressed. [Citing cases.] In Re Marriage of Keating (Mont. 1984), 689 P.2d 249, 251-252, 41 St.Rep. 1865, 1868. In the preliminary decree of dissolution in the instant case, the District Court found "[t]hat it is in the best interests of the minor children of the parties to be placed in the care, custody and control of the petitioner, with reasonable visitation granted to the respondent." The District Court then concluded "[t]hat the care, custody and control of the minor children of the parties should be with the petitioner, with reasonable visitation to the respondent." The preliminary decree of dissolution lacks the "essential and determining facts" on which custody was based.

When custody is contested, at the request of a parent the court may order an investigation and report concerning custodial arrangements for the child. Section 40-4-215, MCA. The statute also mandates the District Court to mail the report to counsel and any party not represented by counsel at least ten days prior to the hearing. Roseanne made such a request and the court ordered an investigation. There is no evidence in the record, however, that a report was received by the court, or that it was mailed to counsel, or that the court considered the report before issuing its preliminary decree. No testimony relative to the investigation was received at any hearing.

>   Not only did the trial court fail to send
>   copies of the report, but no hearing was
>   held to permit testimony on the
>   issues . . . If the trial court found it
>   appropriate to order the custody
>   investigation, it abused its discretion

4

by not considering the report in the process of reaching its final custody decision.

In Re Marriage of Ziegler (Mont. 1985), 696 P.2d 983, 986, 42 St.Rep. 298, 300-301. It is clear the court in the case at bar similarly abused its discretion.

We are reluctant to overturn the District Court in custody matters and will do so only when we find a clear abuse of discretion. Rule 52(a) M.R.Civ.P. In this case we find such abuse. Therefore we vacate the order as to custody, and remand the case to the District Court for appropriate action.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices