No. 89-139

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

IN RE THE MARRIAGE OF
SUSAN DRISCOLL JOHNSON,

Petitioner and Respondent,

and

THOMAS JOHNSON,

Respondent and Appellant.

APPEAL FROM: District Court of the Second Judicial District,
In and for the County of Silver Bow,
The Honorable Arnold Olsen, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Brad L. Belke, Butte, Montana

For Respondent:

Mark A. Vucurovich, Henningsen, Purcell, Vucurovich
and Richardson, Butte, Montana

Submitted on Briefs: June 8, 1989

Decided: July 11, 1989

Filed:

Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

The father, Thomas Johnson, appeals from the final custody decree entered by the Second Judicial District Court, Silver Bow County. The court denied the father's motion to modify the current joint custody arrangement so as to appoint him, instead of the mother, the primary physical custodian of their son. We affirm.

The following issues are presented on appeal:

1. Did the District Court err in failing to find that the best interest of the child required a modification of the present custody arrangement?

2. Did the District Court's adoption of the petitioner's Findings of Fact, Conclusions of Law and Final Decree indicate that the court failed to properly consider the facts or render its independent judgment on the matter?

The parties married October 23, 1978. A son was born to this marriage. When the marriage was dissolved on October 3, 1984, the court awarded each parent joint custody of their son. The custody arrangement provided that each parent would have physical custody of their son on alternating days.

In October of 1985, the mother filed a petition for modification of this alternating physical custody arrangement. The father filed a cross-petition for modification, requesting the court to grant him primary physical custody of their son. He alleged that the best interest of the child demanded such a modification because the mother did not provide proper nourishment or care for their son's physical or educational needs. Following a hearing on the matter, the District Court granted the mother's motion and awarded her primary physical custody of their son. Both parents retained joint legal custody of the

2

child. The father generally was entitled to visitation every Tuesday and Thursday, every other weekend, and for one month in the summer. The court's modification decree was issued after the court found that the mother provided proper care for their son and that the best interest of the child demanded a modification as the alternating physical custody schedule was confusing to the son. The court also had found that the daily contact between the parents because of this alternating custody schedule continued the father's hostility toward the mother.

In July of 1988, the mother gave notice that she was moving to the State of Washington. Her reasons for moving included wanting to be closer to her family and desiring a better job with opportunities for future advancement. She left her son with the father for a few weeks in July while looking for a job and a home in Washington. She returned to Montana and began collecting her belongings in anticipation of her move with their son to Redmond, Washington, in August.

On August 3, 1988, the father filed a motion to modify the custody order so as to grant him primary custody and to prevent the mother from taking their son out of Montana. A few days later, the mother proceeded with her intended move, taking their son with her.

Hearings were not held until January 9, 1989, on the father's modification motion, the father's November 22, 1988 contempt motion, and the mother's motion for child support. (The father had moved the court to order the mother in contempt of court because he alleged she had denied him his visitation rights.) Following hearing on the motions, the court denied the father's modification motion. The court found that the son's best interest would be served by retaining the mother as primary physical custodian. The father remained entitled to reasonable and open visitation

3

with their son. The court also ordered the parties to negotiate child support obligations. The father appeals from this final custody decree.

The record in this case reveals that both parties are good parents who love their son and desire to have him with them. Both were able to share a comparatively equal amount of time with their son while they both lived in Butte, Montana. However, the parties now live over 400 miles apart, and therein lies the root of the problem giving rise to this appeal.

We note at the outset that a parent with joint custody of a child is entitled to change her residence, subject only to the power of the court "to restrain a removal which would prejudice the rights or welfare of the child." Section 40-6-231, MCA. Absent such prejudice, a move by itself will not constitute grounds sufficient to enable the other parent to obtain a modification of the terms of a joint custody arrangement. See In re Marriage of Paradis (1984), 213 Mont. 177, 180, 689 P.2d 1263, 1265.

The father contends that the welfare of their son was prejudiced by the move and that the best interest of their son necessitated awarding the father primary physical custody because their son had already been integrated into the father's family and into the Butte community and school. The father argues that such an award is necessary to prevent destruction of his son's relationship with friends, family, school, and the community of Butte, a destruction threatened by the mother's move out of the State.

The court did not find this integration argument persuasive as to the best interest of the child in this case, and neither do we. The father did not move to terminate the joint legal and physical custody. Rather, the father moved only to modify the joint custody provisions so as to provide

him, and not the mother, with the primary physical custody of their son. The integration rationale found in § 40-4-219, MCA, which applies only to proceedings to terminate joint custody, therefore are not applicable to this case. See, e.g., In re Custody of A.L.S. (Mont. 1987), 747 P.2d 192, 44 St.Rep. 1979; In re Marriage of Gahm (1986), 222 Mont. 300, 722 P.2d 1138. Moreover, the son has readily adjusted to and also become integrated into his extended family, school and community in Redmond, Washington. This integration of a child into the homes and community of both parents is the necessary outcome and goal of a joint custody arrangement; integration thus may not serve as a justification for a modification of the terms of a joint custody decree. See Paradis, 689 P.2d at 1265.

The record also fails to show any other factors, such as those listed in § 40-4-212, MCA, which would lead the court to determine that the son's best interest would be served and preserved by giving primary physical custody of the child to the father. The father alleged that his son's mental, moral and physical health was adversely affected by the mother's drinking and frequenting of bars in the Redmond area. The court, however, held otherwise. We will not reverse the District Court's findings unless they are clearly erroneous. As stated in Rule 52(a), M.R.Civ.P.:

> Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses.

The evidence indicated that the mother did in fact go out with a friend and have a "couple of beers" once a week or so. However, the son was not left alone at such times. He stayed with his grandparents or his aunt and cousins. Further, the mother testified that she did not drink to

5

excess. We therefore hold that the District Court's finding that the mother was a caring and loving parent (Finding #13) was not clearly erroneous, and the court did not abuse its discretion in concluding that the father's allegations were groundless (Conclusion #4) and that the mother's primary physical custody remained in the best interest of the child.

The father's second argument is that the District Court's adoption of the mother's proposed findings of fact and conclusions of law illustrated the court's failure to use its independent judgment as is required by law. Further, the father argues that several of the findings issued by the District Court are not supported by the evidence.

This Court has previously stated that a district court may adopt one party's proposed findings of fact. Kowis v. Kowis (1983), 202 Mont. 371, 379, 658 P.2d 1084, 1088. The court errs in adopting a party's proposed findings only if the court does so "without proper consideration of the facts" and with a lack of independent judgment. In re Marriage of Callahan (Mont. 1988), 762 P.2d 205, 209, 45 St.Rep. 1639, 1644. This Court will not overturn a district court's findings and conclusions simply because they are based upon those submitted by counsel if:

> [the] findings and conclusions are sufficiently comprehensive and pertinent to the issues to provide a basis for decision, and are supported by the evidence.

Kowis, 658 P.2d at 1088.

The record in the present case indicates that the court properly considered all the pertinent facts during a hearing conducted several weeks before the court issued its findings and conclusions. The court's conclusion, that the best interest of the son entailed leaving him in the primary physical custody of his mother, was rendered after the judge

6

himself questioned the child. The findings in this case are sufficiently comprehensive and pertinent to the issue raised by the father. Moreover, the findings, when viewed as a whole, are supported by existing evidence.

The father also argued that the court's decision to award primary physical custody of their son to the mother denied him his right to joint custody. This argument would have been a proper subject for an appeal following the 1986 modification decree, which awarded the mother primary physical custody. This appeal, however, is only from the decree denying the father primary physical custody of his son, and as such, the argument is not only irrelevant to this appeal but actually counterproductive to the father's contention that he should have been awarded primary physical custody. We therefore decline to address this argument.

The decision of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

7