No. 91-503

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

IN RE THE MARRIAGE OF

JAMES WARREN MOSEMAN,

Petitioner and Appellant,

-vs-

BERNICE LUCILLE MOSEMAN,

Respondent and Respondent.

APPEAL FROM:  District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Russell K. Fillner, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Robin  A.  Wolff,  CALTON,  HAMMAN  and  WOLFF;
Billings, Montana

For Respondent:

Victoria  L.  Frances,  HENDRICKSON,  EVERSON  and
NOENNIG; Billings, Montana

FILED

APR 1 7 1992

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA
Filed:

Submitted on Briefs:  January 23, 1992

Decided:  April 17, 1992

Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

This is an appeal from an order of the Thirteenth Judicial District, Yellowstone County. The respondent, Bernice Lucille Moseman (Bernice) petitioned the court for modification of custody after learning the appellant, James Warren Moseman (James), intended to move the parties' children out of state. The District Court terminated joint custody and awarded sole custody to Bernice. We remand for further factfinding.

The following issues are raised on appeal:

I. Did the District Court err in not considering the report and recommendations of Court Services after ordering Court Services to conduct an investigation?

II. Did the District Court err by terminating joint custody and awarding sole custody of the parties' children to the respondent?

This case involves a petition for modification of an order for joint custody, originally issued December 15, 1989. The December 15, 1989 order found it to be in the best interest of the parties' minor children, Cody (age 8) and Shane (age 6), to be placed in the joint care and custody of the parties. James was awarded primary physical custody and Bernice was awarded liberal visitation.

During the following year there were difficulties involving arrangements for visitations, especially surrounding holidays and vacations. The parties are in dispute regarding the nature and the cause of these difficulties. On January 17, 1991, James, in compliance with § 40-4-217, MCA, sent Bernice notice of his intent

2

to change the children's residence to Richmond, Virginia. Bernice filed a petition to modify the original decree and to grant primary physical custody to her. Later, in a post-hearing brief to the District Court, Bernice asked the court to modify her petition to include a request for termination of joint custody and that she be awarded sole custody.

Following a hearing, held February 8, 1991, the court ordered Court Services to conduct a custody investigation and to submit a report containing recommendations. Court Services recommended that the children stay with Bernice for the summer and join James in Virginia for the school year. The trial court found that James had continually and willfully attempted to deny or frustrate visitation and despite James' objection, terminated joint custody pursuant to § 40-4-219(1)(e)(ii), MCA, and awarded sole custody to Bernice. The court made no findings in regard to the Court Services investigation and recommendations.

Section 40-4-215, MCA, provides in part:

> (1)  In contested custody proceedings and in other custody proceedings if a parent or the child's custodian so requests, the court may order an investigation and report concerning custodial arrangements for the child.
> . . .
>
>      . . .
>
> (3)  The Court shall mail the investigator's report to counsel . . . at least 10 days prior to the hearing.
> . . .

James contends that the court abused its discretion by failing to provide a hearing where testimony regarding the investigation could be heard and by failing to note consideration of the report in its

3

findings of fact and conclusions of law.

We have reviewed the requirements of § 40-4-215, MCA, on several occasions. In re Marriage of Maxwell (1991), 248 Mont. 189, 810 P.2d 311; In re Marriage of Bloom-Higham (1987), 227 Mont. 217, 738 P.2d 114; In re Marriage of Ziegler (1985), 215 Mont. 208, 696 P.2d 983. In Ziegler, after a custody investigation was ordered, the district court failed to distribute the report to counsel as mandated by the statute. In addition, the court entered its final order before it even received the report. We held that:

> If the trial court found it appropriate to order the custody investigation, it abused its discretion by not considering the report in the process of reaching its final custody decision.

Ziegler, 215 Mont. at 212.

In Bloom-Higham, the trial court ordered an investigation and again there was no record of the court having received the report, the report was not mailed to counsel, and no testimony relative to the investigation was received at any hearing. Following Ziegler, we held, despite a stated reluctance to overturn custody decisions, this was an abuse of discretion.

We recently cited Bloom-Higham, with support, to find an abuse of discretion where a court again failed to consider a social worker's report and recommendations. In re Marriage of Maxwell (1991), 248 Mont. 189, 810 P.2d 311. In Maxwell, the court ordered a Home and Family Assessment and although the findings of fact and conclusions of law mentioned that the home study was ordered, it failed to specifically address it.

In the instant case, the order for the investigation was made

4

after the hearing for modification of custody was held. The report was mailed to counsel and neither requested that an additional hearing be provided to take testimony relative to the investigation. The report was received prior to the District Court's issue of findings of fact and conclusions of law. However, the District Court, in its findings and conclusions, failed to mention the investigation.

As a general rule, the district court is not required to make a specific finding as to each item of evidence, but only of the essential and determining factors upon which the court's conclusions rest. In re Marriage of Keating (1984), 212 Mont. 462, 689 P.2d 249. However, Ziegler and its progeny require that a specific finding of fact is required regarding a custody investigation ordered by the court. The District Court is not bound by the investigation; however, we are not able to determine if the District Court even considered the report. Therefore, we conclude that the matter must be remanded to the District Court to make a finding that the Court Services investigation was considered.

We do not rule here that James was entitled to an additional hearing. In the instant case, there were no requests for additional hearings.

II

Section 40-4-219, MCA, governs the court's decision to modify a prior custody decree. It provides:

**40-4-219.    Modification.**  (1) The court may in its discretion modify a prior custody decree if it finds,

5

upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of entry of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interest of the child and if it further finds that:

(a) the custodian agrees to the modification;

(b) the child has been integrated into the family of the petitioner with consent of the custodian;

(c) the child's present environment endangers seriously his physical, mental, moral or emotional health and the harm likely to be caused by a change of environment is outweighed by its advantages to him;

(d) the child is 14 years of age or older and desires the modification;

(e) the custodian willfully and consistently:

(i) refuses to allow the child to have any contact with the non-custodial parent; or

(ii) attempts to frustrate or deny the noncustodial parent's exercise of visitation rights; or

(f) the custodial parent has changed or intends to change the child's residence to another state. . . .

When reviewing a district court's findings regarding the modification of custody and whether a party has met the criteria of § 40-4-219, MCA, we will not reverse the findings unless they are clearly erroneous. In re Marriage of Johnson (1989), 238 Mont. 153, 777 P.2d 305. In Johnson, 238 Mont. at 156, 777 P.2d at 307, we held:

As stated in Rule 52(a), M.R.Civ.P.:

Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses.

The District Court's decision to modify custody was based on evidence received from which it concluded that James "willfully and continuously attempted to frustrate or deny Bernice's exercise of visitation right. §40-4-219(1)(e)(ii), MCA." (Conclusion of Law No. 4.) There is substantial evidence that James denied visitation

6

on consecutive Christmases requiring Bernice to contact the court and her attorney to receive her rightful visitation. Evidence was presented that supports the fact that James obstructed Bernice's ability to have telephone contact with the children including an admission by James that he refused to give Bernice his telephone number. On another occasion, James failed to communicate to Bernice that Shane was being hospitalized for an operation requiring general anesthesia.

The record also provides additional examples of disagreement on scheduling visitation. James contends that while he and Bernice clearly had disagreements about visitation, disagreements of this sort do not entitle a parent to a change in custody. Furthermore, he contends that the record reflects that Bernice has never been consistently denied or frustrated visitation. There is evidence to support James' contentions. This evidence and the custody report would provide substantial evidence to support a District Court finding to maintain joint custody and physical custody with James. However, regardless of the custody report, the record does provide substantial evidence for the court's conclusion that James willfully and continuously attempted to frustrate or deny Bernice's exercise of visitation rights within the meaning of § 40-4-219(1)(e)(ii), MCA.

In addition to meeting the jurisdictional requirements of § 40-4-219(a) - (f), MCA, the court must also find that a change in circumstances has occurred and that modification is necessary to serve the best interests of the child. Section 40-4-219(3), MCA,

7

provides that:

>The court shall presume the custodian is not acting in the child's best interest if the custodian does any of the acts specified in subsection (1)(e). . .

If, on remand, the District Court concludes that James willfully and continually frustrated Bernice's exercise of visitation rights, it must, pursuant to § 40-4-219(3), MCA, presume that James is not acting in the children's best interest. Therefore the requirement of § 40-4-219(1), MCA, that modification be allowed only when necessary to meet the best interest of the child, would be fulfilled.

The decision of the District Court to terminate joint custody is not clearly erroneous as it is supported by substantial evidence, adheres to and does not misapprehend the evidence relative to the guidelines of § 40-4-219, MCA, and does not leave us with a definite and firm conviction that a mistake has been committed. Interstate v. DeSaye (Mont. 1991), 820 P.2d 1285, 48 St.Rep. 986.

However, the District Court is required to consider the custody investigation report it ordered and failed to do so. We remand to the District Court with instructions to make findings relative to such report, and amend the conclusions of law and the judgment, if so warranted.

_____
Justice

We Concur:

_____
Chief Justice

8

_William E. Hunoth_

_[signature]_

_____
Justices

9

Justice Terry N. Trieweiler specially concurring in part and dissenting in part.

I concur with the majority's conclusion that the District Court abused its discretion by failing to consider the social worker's report and recommendations. The impact of that failure is apparent from the District Court's Finding of Fact No. 4 to the effect that the children stated no preference for whom they would like to have as the primary custodian. Sarah Seiler, the social worker, apparently discussed this question at length with both children. As a result of her conversations, she was able to state in her report the following finding:

> Cody was interviewed twice and Shane once at Sandstone School. Both boys state that they want to continue to live with their father and are not concerned about changing schools. Cody and Shane love their mother and want to visit with her, but had criticism of her care for them. They both say that their mother sleeps a great deal while they visit and that she does not supervise them or set boundaries when they play outside. Cody even went so far as to say his mother was "acting weird lately". Despite repeated attempts to play "devil's advocate" with the boys, they were steadfast in their desire to stay with their father.

I dissent from that part of the majority opinion which concludes that the District Court's decision to terminate joint custody was supported by substantial evidence.

Under § 40-4-219, MCA, the District Court's prior custody decree could only be modified if it found that: (1) a change in the child's or his custodian's circumstances had occurred since the prior decree; (2) modification is necessary to serve the best

10

interests of the child; and (3) the custodial parent willfully and consistently frustrated the noncustodial parent's visitation rights; or the custodial parent intended to change residence to another state.

As pointed out by the majority, if the court finds that the custodial parent willfully and consistently attempted to frustrate the other parent's visitation right, then there is a presumption that that parent is not acting in the child's best interest under § 40-4-219(3), MCA.

I believe the District Court was clearly erroneous when it found that James "consistently" attempted to frustrate Bernice's visitation rights.

James was awarded primary custody of the children on December 15, 1989. The District Court's hearing on Bernice's motion to modify custody was held on February 8, 1991, some 14 months later. During that period, Bernice complained of three incidents where the parties had disagreements about visitation:

1. During Christmas of 1989 a dispute arose over visitation which was resolved when Bernice was allowed to have the children on Christmas Eve.

2. During Christmas of 1990, another dispute arose which was resolved when Bernice was allowed to have the children on December 24, 26, and 28. The evidence was that Bernice worked during the Christmas holiday that year and did not have time available for additional visitation.

11

3. A misunderstanding occurred regarding visitation during the Fourth of July holiday in 1989. Bernice was supposed to have the children. James misunderstood and scheduled a vacation with the children. After some discussion, Bernice exchanged visitation during that period for visitation later on in the summer.

The above three incidents are the only examples offered by Bernice where the parties had disagreements over visitation. The other examples relied upon by the court were James' failure to notify Bernice of one of the children's tonsillectomy, failure to communicate regarding the children's progress in school, and the fact that James had an unlisted telephone number for a period of time. However, none of these additional examples constituted willful attempts to frustrate visitation, and the original three examples hardly amount to consistent frustration of Bernice's visitation rights.

Without a finding that James willfully and consistently frustrated Bernice's visitation rights, there was no substantial evidence to support the District Court's finding that the children's best interests would be served by modifying the prior custody arrangement.

This Court recently explained the application of the "clearly erroneous" test in the context of reviewing the findings of a trial court sitting without a jury:

> We adopt the following three-part test to determine
> if a finding is clearly erroneous. First, the Court will
> review the record to see if the findings are supported by

12

substantial evidence. Second, if the findings are supported by substantial evidence, we will determine if the trial court has misapprehended the effect of evidence. *Western Cottonoil Co. v. Hodges* (C.A. 5th 1954), 218 F.2d 158; *Narragansett Improvement Company v. United States* (C.A. 1st 1961), 290 F.2d 577. Third, if substantial evidence exists and the effect of the evidence has not been misapprehended, the Court may still find that "[A] finding is 'clearly erroneous' when, although there is evidence to support it, a review of the record leaves the court with the definite and firm conviction that a mistake has been committed." *U[nited] S[tates] v. U.S. Gypsum Co.* (1948), 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746.

*Interstate Production Credit Ass'n. v. DeSaye* (Mont. 1991), 820 P.2d 1285, 1987, 48 St.Rep. 986, 987.

According to the above standard, I conclude that the District Court's finding that the children's best interests were served by terminating joint custody and awarding sole custody of the parties' children was clearly erroneous. I would, therefore, reverse the judgment of the District Court, reinstate joint custody, and return primary custody of the children to James with liberal visitation rights granted to Bernice.

_____
Justice

April 17, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Robin A. Wolff
CALTON, HAMMAN & WOLFF
2075 Central Avenue
Billings, MT 59102

Victoria L. Frances
HENDRICKSON, EVERSON & NOENNIG
324 Hart-Albin Building
208 North 28th Street
Billings, MT  59101

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy
