DA 10-0094

## IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2010 MT 245N

IN RE THE PARENTING OF A.L.S.,

     A Minor Child.

TOBIN NOVASIO,

     Petitioner and Appellee,

  and

TARA SYLVESTER,

     Respondent and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DR 06-1185
Honorable G. Todd Baugh, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

          Linda L. Harris, Harris Law Firm, P.C., Billings, Montana

       For Appellee:

          Patrick C. Sweeney, Attorney at Law, Billings, Montana

                Submitted on Briefs:   October 27, 2010
                           Decided:  November 16, 2010

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Tara Sylvester (Tara) appeals from the final parenting plan entered by the Thirteenth Judicial District Court, Yellowstone County. We affirm.

¶3     Tobin Novasio (Tobin) and Tara are the parents of A.L.S., a minor child. In 2006, shortly after A.L.S.'s birth, Tobin petitioned the District Court for a parenting plan. The District Court ordered that a parenting evaluation be performed by Tylene Merkel (Merkel), and in March 2008, the District Court adopted an interim parenting plan. In December 2008, due to changes in his living and employment circumstances, Tobin moved to modify the interim parenting plan and requested that Merkel update her parenting recommendations. The District Court set a hearing on the parenting plan and ordered Merkel to submit updated recommendations, which Merkel submitted in the spring of 2009. Following hearings, the District Court ordered the following parenting plan: (a) alternate four day periods, starting March 1, 2010; (b) increase to five day alternate periods, beginning no later than April 1, 2011; and, (c) alternate seven day periods, starting September 2012. The equal parenting time provided for in the parenting plan was not part of Merkel's recommendations.

¶4     The following issues are on appeal:

¶5     Issue 1: Did the District Court err in ordering the final parenting plan without entering findings of fact regarding the best interests of the child within the criteria of § 40-4-212, MCA?

¶6     Issue 2: Did the District Court abuse its discretion by not following Merkel's parenting recommendations without finding that her recommendations were not in the best interests of A.L.S.?

¶7     In reviewing a parenting plan, this Court reviews a district court's findings of fact to determine whether they are clearly erroneous. A finding of fact is clearly erroneous if it is not supported by substantial evidence; the district court misapprehended the effect of the evidence; or, if upon review of the record, this Court is firmly convinced the court was mistaken. *In re Paternity of C.T.E.-H.*, 2004 MT 307, ¶ 15, 323 Mont. 498, 101 P.3d 254. We will uphold the court's parenting determination unless the court clearly abused its discretion. An abuse of discretion occurs when the court "acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice." *Id.* at ¶ 16.

¶8     A district court is required to determine a parenting plan in accordance with the best interest of the child. Section 40-4-212, MCA. This includes taking into consideration relevant parenting factors that are listed in § 40-4-212, MCA. However, while the district court is required to consider such factors in determining the parenting plan, the court need not make specific findings as to each factor. *In re Paternity of C.T.E.-H.*, ¶ 34. If a district court orders a parenting investigation, it must consider the report in reaching its final

3

parenting decision. However, the district court is not bound by the investigative report. *In re Marriage of Moseman*, 253 Mont. 28, 31, 830 P.2d 1304, 1306 (1992).

¶9     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. The legal issues are clearly controlled by settled Montana law, which the District Court correctly interpreted, and the record supports the District Court's conclusion.

¶10     Nothing in the record indicates the District Court's determination constituted clear error or an abuse of discretion. While the District Court's parenting determination does not specifically mention the factors contained in § 40-4-212, MCA, the content of its order indicates the court considered parenting factors and the best interests of A.L.S. While the District Court was required to consider Merkel's report—which it did—it was not bound by her recommendations.

¶11     Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS
/S/ JIM RICE

4