FILED

02/24/2026

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 25-0223

DA 25-0223

IN THE SUPREME COURT OF THE STATE OF MONTANA

2026 MT 38N

IN RE THE MARRIAGE OF:

ABIGAIL COOL,

Petitioner and Appellee,

and

MATTHEW EARL COOL,

Respondent and Appellant.

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DR 21-261
Honorable Mary Jane Knisely, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Penelope S. Strong, Attorney at Law, Billings, Montana

For Appellee:

Daniel Ball, Hendrickson Law Firm, P.C. Billings, Montana

Submitted on Briefs:  February 4, 2026

Decided:  February 24, 2026

Filed:

_____
Clerk

Justice Katherine Bidegaray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Matthew Cool (Matthew) appeals from the Final Parenting Plan entered by the Thirteenth Judicial District Court following dissolution of his marriage to Abigail Cool (Abigail). He argues the District Court clearly erred in characterizing his work schedule as "ever-changing," abused its discretion in weighing the best-interests factors under § 40-4-212, MCA, and improperly curtailed his parenting time with the parties' two minor sons.

¶3 A district court's findings of fact underlying a parenting plan are reviewed for clear error. *In re Marriage of Crowley*, 2014 MT 42, ¶ 44, 374 Mont. 48, 318 P.3d 1031. If the findings are not clearly erroneous, we review the parenting determination for abuse of discretion. *In re Marriage of Epperson*, 2005 MT 46, ¶ 17, 326 Mont. 142, 107 P.3d 1268. A court abuses its discretion if it acts arbitrarily without conscientious judgment or exceeds the bounds of reason, resulting in substantial injustice. *Epperson*, ¶ 17. Conclusions of law are reviewed for correctness. *Epperson*, ¶ 16. The district court is required to consider the best-interests factors set forth in § 40-4-212, MCA, but it is not required to make specific findings on each statutory factor so long as the findings are sufficient to permit appellate review and demonstrate that the decision was based on the children's best

interests. *In re Marriage of Woerner*, 2014 MT 134, ¶ 15, 375 Mont. 153, 325 P.3d 1244; *In re Marriage of Keating*, 212 Mont. 462, 465-67, 689 P.2d 249, 251-52 (1984).

¶4     The parties were married in 2009; separated in March 2021; stipulated to an interim parenting plan arrangement at a December 9, 2021 hearing; and had their dissolution hearing September 13-15, 2022. The District Court issued its Findings of Fact and Conclusions of Law, and a Final Parenting Plan on October 21, 2024. The record reflects that, throughout most of the marriage, Abigail was the children's primary caregiver. Following the parties' separation in 2021, the children continued to reside primarily with her. During the pendency of the dissolution, the parties followed a stipulated interim parenting arrangement pursuant to which Matthew exercised parenting time corresponding largely with his days off from his rotating mine schedule at his employment with the Stillwater Mine. That arrangement remained in place for an extended period prior to trial.

¶5     At trial, evidence established that the Stillwater Mine operates on a repeating rotation, alternating day and night shifts with varying blocks of days on and days off. Although the rotation pattern itself is consistent over time, the specific days of the week and times of availability vary, and transitions between day and night shifts require adjustment periods. The District Court found that this schedule did not provide a sufficiently stable and predictable framework upon which to structure a primary residential schedule given the children's ages and established routines.

¶6     The court further found that Abigail had historically provided the children's daily care, schooling oversight, and medical coordination; that the children were adjusted to the routines established in her home; and that continuity and stability of care favored

3

maintaining a residential structure similar to the parties' stipulated interim arrangement. The court expressly considered the statutory best-interests factors set forth in § 40-4-212, MCA, and determined that the children's immediate needs for stability and predictability were best served by designating Abigail as primary residential parent while preserving regular parenting time with Matthew. Although Matthew characterizes the final parenting plan as limiting him to "48 days per year," the schedule largely reflected the arrangement the parties had been following since December 2021, including weekend blocks tied to his scheduled days off and additional mid-week parenting time.

¶7 Matthew contends the court clearly erred in describing his schedule as "ever-changing." While Matthew's work rotation follows a fixed mathematical cycle, the District Court's findings properly focused on the practical unpredictability of that schedule from the perspective of the children's daily routines. Substantial evidence supports the court's determination that a schedule shifting across weekdays and weekends, and alternating between day and night shifts, does not provide the stable framework necessary for children of these ages and developmental stages. The District Court expressly found that, although the rotation itself repeats, Matthew did not present evidence of predictable weekday or time-of-day availability upon which to structure a child-centered residential schedule. On this record, we are not left with a definite and firm conviction that the District Court erred. *Crowley*, ¶ 44.

¶8 Matthew further argues that the court improperly elevated continuity of care over the Legislature's policy favoring frequent and continuing contact with both parents because it failed to determine that an equal or expanded parenting schedule would be detrimental

before adopting a plan that allowed Abigail to continue as the primary residential parent.[1] Section 40-4-212, MCA, requires courts to determine parenting arrangements in accordance with the best interests of the child. Montana law does not create a presumption of equal residential time. Although § 40-4-212(1)(l), MCA, recognizes that frequent and continuing contact with both parents is generally in a child's best interests absent a finding of detriment, it does not require a district court to adopt an equal or expanded residential schedule simply because no finding of detriment has been made. Moreover, the Final Parenting Plan fulfilled the statutory preference for frequent and continuing contact by preserving Matthew's weekend blocks and mid-week time; the court was not required to find that an *equal* residential schedule was detrimental before concluding it was not in the children's best interests. The District Court did not find Matthew unfit or conclude that contact with him was detrimental. Rather, it determined that equal or expanded residential time was not presently in the children's best interests given their ages, established routines, and Matthew's work schedule. That determination falls within the court's broad discretion in parenting matters.

¶9     The court's findings are sufficient to permit appellate review and demonstrate that the decision was grounded in the statutory framework. *See Woerner*, ¶ 15. Although Matthew urges this Court to reweigh the evidence and adopt a different allocation of parenting time, our role is limited. Where substantial evidence supports the findings and

[1] Section 40-4-212(1)(l), MCA, includes as one of the best interest factors: "whether the child has frequent and continuing contact with both parents, which is considered to be in the child's best interests unless the court determines, after a hearing, that contact with a parent would be detrimental to the child's best interests."

the court has applied the correct legal standards, we will not substitute our judgment for that of the trial court.

¶10 The District Court's findings of fact are not clearly erroneous. Its parenting determination was not an abuse of discretion. To the extent Matthew contends circumstances may warrant a different schedule in the future, § 40-4-219, MCA, provides a mechanism for modification upon a showing of changed circumstances affecting the children's best interests.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.

¶12 Affirmed.

/S/ KATHERINE M. BIDEGARAY

We Concur:

/S/ CORY J. SWANSON
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JIM RICE

6