No.  89-411

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

IN RE THE MARRIAGE OF

CAROL ARBUCKLE,

   Petitioner and Respondent,

   and

MERRILL ARBUCKLE,

   Respondent and Appellant.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
                In and for the County of Gallatin,
                The Honorable Joseph Gary, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            Linda McNeil, Attorney at Law, Bozeman, Montana

        For Respondent:

            Edmund P. Sedivy, Jr., Morrow, Sedivy & Bennett,
            Bozeman, Montana

                        Submitted on Briefs:  May 3, 1990

                            Decided:  June 7, 1990

Filed:

_____
            Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

This case presents the father's appeal from a decision of the Eighteenth Judicial District, Gallatin County, Montana, on the father's motions for Modification of Child Support, Child Visitation and Child Custody for the parties' two minor daughters. We affirm.

Appellant raises the following issues for review:

I. Did the District Court exercise proper discretion by awarding custody of the minor child, Judi, to the mother?

II. Should the court consider the wishes of the children regarding custody?

III. If the District Court elects to interview the minor children involved in a custody dispute, must the court release the transcript of the interview and make findings as to the wishes of the children?

IV. Did the District Court properly award attorney's fees to the mother?

V. Did the District Court order the proper amount of child support?

Prior to this decision, the parties had been before the District Court frequently for over two years on various issues arising out of the parties' marriage dissolution. We will set forth only those motions which directly affect this appeal.

On July 30, 1987, the District Court granted sole custody of the parties' three minor children, Terri, 17, Heidi, 12, and Judi,

8, to the mother. The District Court also ordered the father to pay child support at $250/month per child while there were three minor children and set support at $300/month per child when there were two minor children. Pursuant to the father's motion, the District Court amended its decision and granted the parties joint custody of the minor children giving the mother primary physical custody.

In early 1988, the father remarried. When Terri turned 18 she moved in with her father and step-mother. In May of 1988, the father filed a motion for Modification of Child Support, Child Visitation and Child Custody to give him sole custody of Judi. He amended that motion in June of 1988 to seek joint custody of Judi, then age 9, and Heidi, then age 14, but granting primary physical custody to him. The bases for the modification were that Judi expressed a preference to live with him and that Heidi had moved into his home and refused to return to her mother's home.

Prior to the December 1, 1988 hearing on the father's motion, Dr. John Platt, by agreement of the parties, conducted a psychological investigation of the family and submitted a report to the District Court. The District Court interviewed the two minor children in chambers. At the hearing the District Court heard testimony from Dr. Platt, both parties, the father's wife, a teacher at Judi's school in Bozeman and three people who had known the parties for many years.

Between the time Dr. Platt conducted his investigation and the hearing, the mother had moved with Judi from the family home

3

several miles outside of Three Forks, Montana, into Bozeman.

On May 23, 1989, the District Court entered its Findings of Fact and Conclusions of Law. The District Court continued joint legal custody of the two minor daughters, but gave the father primary physical custody of Heidi and the mother primary physical custody of Judi. The father was also ordered to pay $300/month child support for Judi for ten and one-half months of the year. For the one and one-half months in summer when both daughters would be with their mother, the court ordered the father to pay $400/month for the full month and $350/month for the divided month. Further, the District Court ordered the father to pay $1,000 of the mother's attorney's fees. This appeal followed.

I.

Did the District Court exercise proper discretion by awarding custody of the minor child, Judi, to the mother?

In pertinent part, § 40-4-219, MCA, provides:

> (1) The court may in its discretion modify a prior custody decree if it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of entry of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interest of the child and if it further finds that:
>
> (a) the custodian agrees to the modification;
>
> (b) the child has been integrated into the family of the petitioner with consent of the custodian;
>
> (c) the child's present environment endangers

4

seriously his physical, mental, moral, or emotional health and the harm likely to be caused by a change of environment is outweighed by its advantages to him;

(d) the child is 14 years of age or older and desires the modification;

. . .

The District Court found that the father had not met the above statutory requirements in Judi's case. When reviewing a district court's findings, this Court "[w]ill not reverse a District Court's findings unless they are clearly erroneous." In re Marriage of Johnson (Mont. 1989), 777 P.2d 305, 307, 46 St.Rep. 1164, 1167.

Appellant's main grounds for contesting the District Court's findings come from Dr. Platt's testimony that both Judi and Heidi should live with their father and that living with her mother would seriously endanger Judi. However, the District Court was not required to adopt Dr. Platt's opinion. Upon review of the hearing transcript, we note that the District Judge and counsel questioned Dr. Platt extensively about how he had arrived at his opinion. The record also discloses that at the time of the hearing Dr. Platt had no current knowledge of how Judi was adjusting to the move to Bozeman. However, the mother presented credible evidence that Judi was well adjusted, was participating in activities outside of school and was doing well academically. Further, evidence was presented that the mother had always been a loving and caring parent.

At most Dr. Platt's testimony creates conflicting evidence. When the record contains conflicting evidence, "[i]t is the

5

function of the District Court to resolve such conflicts. (Citation omitted.)" In re Marriage of Penning (Mont. 1989), 776 P.2d 1214, 1216, 46 St.Rep. 1103, 1105. Based on substantial credible evidence, the District Court resolved the conflict in the mother's favor. We hold that the District Court's Findings that the father had not met the modification of custody criteria set forth in § 40-4-219, MCA, concerning the custody of Judi are not clearly erroneous.

## II.

Should the court consider the wishes of the children regarding custody?

This issue has no merit. The District Court's Memorandum that accompanies its Findings of Facts and Conclusions of Law clearly demonstrates that it had considered both Heidi's and Judi's wishes. Regarding Judi, the District Court stated that it felt she had been unduly influenced to express a preference to live with her father. We note that Dr. Platt's report also stated that he felt that Judi's sisters, Heidi and Teri, had been influencing her to want to live with her father. We reject appellant's contention.

## III.

If the District Court elects to interview the minor children involved in a custody dispute, must the court release the transcript of the interview and make findings as to the wishes of the children?

6

Appellant argues that the District Court abused its discretion by not releasing the transcript of its interview with Judi and Heidi and by not making specific findings concerning the children's wishes. Section 40-4-214, MCA, provides:

> Interviews. (1) the court may interview the child in chambers to ascertain the child's wishes as to his custodian and as to visitation . . . The court <u>shall</u> cause a record of the interview to be made and to be part of the record of the case . . . (Emphasis added.)

We have discussed the purpose of § 40-4-214, MCA, as follows:

> [o]nce such discretion is exercised the statute "<u>mandates</u> that a record of the interview be made and that such record be part of the case record." . . . Further, we have held that a District Court <u>must</u> make a specific finding stating the wishes of the children as to their custodian . . . Without the record of the interview and without specific findings as to the wishes of the children, counsel and this Court do not know with any degree of certainty the basis for the District Court's conclusions on custody matters. (Emphasis added; citations omitted.)

In re Marriage of Brown (1978), 179 Mont. 417, 425-26, 587 P.2d 361, 366, quoting Schiele v. Sager (1977), 174 Mont. 533, 538, 571 P.2d 1142, 1145. In this case, our holding on Issue II renders this issue moot. The record indicates that Heidi and Judi's wishes were known to all parties prior to the hearing. Further, the District Court clearly set forth its reasons for awarding physical custody of Heidi to the father and leaving physical custody of Judi with the mother.

7

## IV.

Did the District Court properly award attorney's fees to the mother?

Appellant argues that the District Court erred in ordering the father to pay $1,000 of the mother's attorney's fees. Section 40-4-219(4), MCA, provides:

> (4) Attorney fees and costs shall be assessed against a party seeking modification if the court finds that the modification action is vexatious and constitutes harassment.

This action was for a modification of custody, therefore, according to appellant, no attorney's fees should have been assessed.

The record does not support appellant's contention that the District Court awarded the attorney's fees pursuant to the modification action. As mentioned, prior to the December 1, 1988 hearing, both parties had been before the District Court several times on various issues. On September 19, 1988, the District Court heard testimony on the mother's request for attorney's fees that were necessitated by the father's actions. The District Court also received an affidavit from the mother's attorney showing fees in excess of $1,800. The record discloses that the attorney's fees issue had yet to be decided and was still before the District Court at the time of the December 1, 1988 hearing. The record also discloses that other issues besides modification of custody were heard during the December hearing but were not decided by the District Court because the parties settled prior to the District Court's decision.

Findings Nos. 12 and 13 from the court's May 23, 1989 Findings

of Fact, Conclusions of Law and Memorandum state:

> 12. That in the past, this Court has found that the . . . [father] continually brought these actions before the Court, found the . . . [father] to be in contempt, and contemplated assessing attorney's fees against the . . . [father].
>
> 13. That the . . . [mother] has put into evidence attorney's fees in excess of ONE THOUSAND SEVEN HUNDRED DOLLARS ($1,700.00) and the Court hereby apportions ONE THOUSAND DOLLARS ($1,000.00) of that to be attributable to the actions of the . . . [father] and finds h[e] is liable for ONE THOUSAND DOLLAR[S] ($1,000.00) attorney's fees on behalf of . . . [mother's] attorney.

Clearly, the District Court awarded attorney's fees because of past actions, and not because of the modification action. Section 40-4-110, MCA, grants the District Court the authority to award attorney's fees. We hold that the District Court did not abuse its discretion in awarding attorney's fees to the mother.


V.

Did the District Court order the proper amount of child support?

Essentially, appellant argues that the District Court abused its discretion in ordering him to pay $300/month child support for Judi and in not requiring the mother to pay child support for Heidi. We disagree.

The District Court's Findings of Fact specifically discuss the parties' abilities to pay and Judi's needs. In the context of this case, we find that the District Court satisfied the requirements

9

of § 40-4-204, MCA, which details what a court must consider in setting child support and we find that the Findings are not clearly erroneous. We hold that the District Court did not abuse its discretion by ordering the father to pay $300/month child support for Judi.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices