No. 92-391

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

IN RE THE MARRIAGE OF

MICHAEL LEONARD McCLAIN,

    Petitioner and Appellant,

  and

PAMELA LYNN McCLAIN,

    Respondent and Respondent.

FILED

MAR 26 1993

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Fourth Judicial District,
               In and for the County of Missoula,
               The Honorable Jack L. Green, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

        John R. Velk; The Law Office of John Rayburn Velk,
        Missoula, Montana

        For Respondent:

        Douglas G. Skjelset, Attorney at Law, Missoula,
        Montana

Submitted on Briefs:  January 21, 1993

Decided:  March 26, 1993

Filed:

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

The District Court for the Fourth Judicial District, Missoula County, denied Michael Leonard McClain's motion to modify custody of his children. We affirm.

The issue is whether the District Court erred in failing to modify child custody so as to place sole custody of the older daughter with Michael Leonard McClain, the father, and to place primary physical custody of the younger daughter with him.

The marriage of the parties was dissolved in February 1990. Under the terms of their custody and property settlement agreement, they shared joint custody of their two daughters, then ages nine and seven, with the mother as the primary residential custodian.

In July 1990, as a result of an investigation concerning charges of abuse and neglect, the Department of Family Services (DFS) removed the children from the mother's custody. They were placed with their father. In March 1991, after the mother had complied with certain conditions it had imposed, DFS ordered that custody of the children be returned to the mother.

The father then filed a formal motion to terminate joint custody of the parties' older daughter and award him sole custody. Additionally, he proposed that he be granted primary physical custody of the younger daughter. After a hearing lasting several days and at which numerous witnesses testified for each party, the District Court denied the father's motion for modification of custody. It ordered that custody should remain with the mother,

2

but required that DFS be more actively involved in supervision and care of the children and submit written reports to the court every six months. The father appeals.

Did the District Court err in denying the father's motion to modify child custody?

Section 40-4-219, MCA, provides:

(1) The court may in its discretion modify a prior custody decree if it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of entry of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interest of the child and if it further finds that:

. . .

(b) the child has been integrated into the family of the petitioner with consent of the custodian;
(c) the child's present environment endangers seriously his physical, mental, moral, or emotional health and the harm likely to be caused by a change of environment is outweighed by its advantages to him;

. . .

(e) the custodian willfully and consistently:
(i) refuses to allow the child to have any contact with the noncustodial parent; or
(ii) attempts to frustrate or deny the noncustodial parent's exercise of visitation rights[.]

The father contends on appeal that, just prior to the time of his motion, the girls had been integrated into his family with the mother's consent as described under § 40-4-219(1)(b), MCA. This contention refers to the time the girls were in his custody during the DFS proceedings. He also contends that the evidence at trial demonstrated serious endangerment of the older daughter, who is

3

physically disabled, justifying a change in her custody pursuant to § 40-4-219(1)(c), MCA. In addition, he argues that a change of custody is justified because of the mother's attempts to frustrate or deny his exercise of visitation rights as recognized in § 40-4-219(1)(e)(ii), MCA. Finally, he contends that the evidence demonstrated a change of circumstances that would justify modification of the terms of physical custody, within the joint custody arrangement, to serve the best interests of both children.

The mother does not dispute that the record contains serious allegations about her past care of the girls, especially of the older daughter. However, the record also contains extensive evidence supporting the quality of the mother's care of both girls at the time of trial.

The record documents the mother's compliance with conditions required by DFS before that agency returned custody of the girls to her in March of 1991. A woman who, at the time of trial, worked in the mother's home helping to care for the older daughter, testified that she had never seen any abuse in the mother's home and that she would promptly report any inappropriate or abusive conduct. The DFS social worker assigned to the case at the time of trial testified that her agency would have continuing involvement with the mother's home. Based on her knowledge of the girls and of both parents, she recommended that the mother remain as the primary custodial parent. The family physician for the girls and their mother testified that he believed, with "no question in my mind," that the girls would be better off to remain with their mother than

4

to have their custody transferred to their father. The District Court found that "it would be in the best interest of the minor children to have [the mother] be given primary residential custody of [the children] with reasonable rights of visitation to [the father]."

It is for the trier of fact, not this Court, to resolve conflicts in the evidence. In re Custody of Holm (1985), 215 Mont. 413, 418, 698 P.2d 414, 417. When reviewing findings regarding modification of custody, this Court will not reverse the findings unless they are clearly erroneous. In re Marriage of Arbuckle (1990), 243 Mont. 10, 13, 792 P.2d 1123, 1124. A finding is clearly erroneous only if it is not supported by substantial evidence, the trial court has misapprehended the effect of the evidence, or a review of the record leaves this Court with the definite and firm conviction that a mistake has been committed. Interstate Production Credit v. DeSaye (1991), 250 Mont. 320, 323, 820 P.2d 1285, 1287.

Substantial credible evidence supports the finding of the District Court that it would be in the best interest of the minor children for their mother to remain their primary residential custodian. We conclude that the District Court did not misapprehend the effect of the evidence and we are not left with the conviction that a mistake has been committed. The father has failed to establish that "the modification is necessary to serve the best interest of the child[ren]" as required by § 40-4-219(1), MCA. Because the "best interest" test must be met for any

5

modification of child custody under § 40-4-219, MCA, and has not been met here, we need not consider whether additional statutory requirements for modification of custody were met in this case.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices