No.   94-460

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

IN RE MARRIAGE OF

DEBRA MICHELE CARLISLE,
n/k/a DEBRA MICHELE WIGGERS,

         Petitioner and Appellant,

    and

JEFFREY ALLEN CARLISLE,

         Respondent and Respondent.

APPEAL FROM:    District Court of the Eighth Judicial District,
                In and for the County of Cascade,
                The Honorable Thomas M. McKittrick, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

            Joan E. Cook, Attorney at Law,
            Great Falls, Montana

        For Respondent:

            Antonia P. Marra, Bell & Marra,
            Great Falls, Montana


                            Submitted on Briefs:   May 26, 1995

                                      Decided:   June 20, 1995

Filed:

Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Appellant Debra Michelle Carlisle appeals from an order of the Eighth Judicial District Court, **Cascade** County, modifying a joint custody plan.

We affirm.

The dispositive issue on appeal is:

Did the District Court err in modifying custody based upon a consensual integration of the children into the noncustodial parent's home?

The parties dissolved their marriage on September 26, 1990. The parties agreed to joint custody of the minor children, with appellant retaining physical custody. The children spent the summer of 1992 with respondent Jeffrey Carlisle. After considering the best interests of the children, the parties determined that the children should live with Jeffrey during the 1992-93 school year. The children returned to Debra in May 1993, and remained with her until August 22, 1993. The parties again decided that the children should remain with Jeffrey from the start of the school year, through November 22, 1993.

Prior to November 22, 1993, Debra informed Jeffrey that she was considering a move from Montana with the children. On October 26, 1993, Jeffrey filed a motion to modify custody, and a motion for temporary custody. The District Court granted his motion for temporary custody, and gave notice of a show cause hearing as to why the temporary custody order should not remain in

effect.    Debra filed a motion to vacate the temporary custody order.

On January 25, 1994, the District Court held the show cause hearing.  The District Court denied Debra's motion to vacate. At the hearing, the parties stipulated that they would provide 90-days written notice of any intention to move from Montana.  The District Court ordered that the children were to be returned to the physical custody of Debra, pursuant to the original divorce decree. On August 19, 1994, the District Court issued its order modifying the original joint custody plan to reflect the parties' modifications to the original joint custody plan.

Did the District Court err in modifying custody based upon a consensual  integration  of  the  children into the noncustodial parent's home?

When  reviewing  findings  regarding  modification  of  custody, this Court will not reverse the findings of the district court unless they are clearly erroneous.  Marriage of Johnson (1994), 266 Mont. 158,  879 P.2d 689 (citing In re Marriage of Arbuckle (1990), 243 Mont. 10, 13, 792 P.2d 1123, 1124.)

The District Court found that prior to this action,  the parties had agreed that it was in the best interest of the minor children to alter the existing physical custody plan by rotating physical custody every three months, with the nonphysical custodian having visitation every other weekend.  Although the parties had agreed to put these modifications in writing, they failed to do so.

3

The District Court shared the parties' belief that their modifications were in the best interests of the minor children and modified the existing physical custody plan to reflect those modifications. However, the District Court found no reason to modify that part of the original custody plan which vested primary physical custody with Debra.

We have held that any effort to modify the physical custody arrangements in a decree which provides for joint custody which does not make a substantial change in the children's primary residence, may be considered by the district court according to the best interest standard set forth in § 40-4-212, MCA. Johnson, 879 P.2d at 694. While the District Court did not state that it was applying the best interest standard set forth in § 40-4-212, MCA, it did note that the modifications the parties had orally agreed to and had enacted were considered by the parties to be in the best interests of the children. There is nothing in the record to suggest that the District Court's order modifying the original physical custody plan is clearly erroneous, given the agreement between the parties that such modifications were in the best interests of their minor children and that no change was made in the children's primary residence.

We hold that the District Court did not err in modifying custody based upon a consensual integration of the children into the noncustodial parent's home.

We affirm.

4

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices