No. 94-387

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

IN RE THE PATERNITY AND CUSTODY OF:
J.E.H., a minor child.

SEAN HOLMAN,

             Petitioner and Respondent,

     v

SAMANTHA BEAUBIEN,

             Respondent and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
                In and for the County of Cascade,
                The Honorable Joel G. Roth, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            Brett C. Asselstine, Attorney at Law, Great Falls,
            Montana

        For Respondent:

            Nathan J. Hoines and Marvin Anderson, Attorneys
            at Law, Great Falls, Montana

Submitted on Briefs:   June 15, 1995

Decided:   July 25, 1995

FILED

Filed:   JUL 25 1995

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

_____
                Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Samantha Beaubien appeals the decision of the Eighth Judicial District Court, Cascade County, granting Sean Holman's motion to modify the parties' custody agreement. We affirm

The sole issue is whether the District Court erred in granting Holman's motion to modify the custody agreement.

We review a district court's findings of fact concerning modification of a custody agreement to determine whether the findings are clearly erroneous. In Re the Marriage of McClain (1993), 257 Mont. 371, 849 P.2d 194. We review a district court's conclusions of law to determine whether its interpretation of the law is correct. Steer, Inc. v. Dept. of Revenue (1990), 245 Mont. 470, 803 P.2d 601

Decisions concerning modification of primary custodial rights, without altering the parties' status as joint legal custodians, are governed by § 40-4-219, MCA. In Re the Marriage of Johnson (1994), 266 Mont. 158, 879 P.2d 689. In Johnson, we concluded that:

> a motion or petition to modify child custody provisions in a dissolution decree which have the effect of substantially changing the primary residence of the parties' children, even though the formal designation of "joint custody" is retained, are to be construed as motions or petitions to terminate joint custody and must satisfy the jurisdictional requirements set forth in § 40-4-219, MCA.

Johnson, 879 P.2d at 694.

After reviewing the record, we conclude that the District Court correctly determined that the requirements of § 40-4-219, MCA, had been satisfied. The record indicates that a change of circumstances occurred necessitating a modification of custody to

2

serve the child's best interest.  The record also supports the District Court's conclusion that allowing J.E.H.'s mother to retain custody seriously endangered J.E.H.'s physical, mental, moral or emotional health and the harm likely to be caused by a change of environment is outweighed by its advantages to her.  The record also indicates that J.E.H.'s mother willfully and consistently attempted to frustrate or deny the father's visitation rights.  <u>See</u> § 40-4-219, MCA.

We conclude that the District Court's findings are not clearly erroneous and its interpretation of the law is correct.  Accordingly, we affirm the decision of the District Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to the State Reporter and West Publishing Company.

_____
Chief Justice

We concur:

_____
_____
_____
_____
Justices

3

July 25, 1995

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:


Brett C. Asselstine
Attorney at Law
P.O. Box 1567
Great Falls, MT  59403-1567

Nathan J. Hoines, Marvin Anderson
Attorney at Law
600 Central Plaza, Ste. 316
Great Falls, MT  59401


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy