FILED

June 8 2010

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 09-0521

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2010 MT 127N

IN RE THE PARENTING OF
D.N.S., a Minor,

ASHLEY N. WATERS,

      Petitioner and Appellee,

  and

CLAUDE DANIEL SMITH,

      Respondent and Appellant.

APPEAL FROM:    District Court of the Seventeenth Judicial District,
In and For the County of Phillips, Cause No. DR 08-22
Honorable John C. McKeon, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Jeremy S. Yellin, Attorney at Law; Havre, Montana

      For Appellee:

          Terrence Lee Toavs, Law Offices of Terrance L. Toavs; Wolf Point,
Montana

          Submitted on Briefs:  May 18, 2010

               Decided:  June 8, 2010

Filed:

               _____
                              Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Claude Daniel Smith (Claude) appeals from the order of the Seventeenth Judicial District Court, Phillips County, adopting Ashley N. Water's (Ashley) proposed parenting plan. The issue on appeal is whether the District Court abused its discretion in adopting the permanent parenting plan for D.N.S. proposed by Ashley.

¶3 In June of 2007, Claude and Ashley met in Bozeman and shortly thereafter began to reside together. Claude and Ashley's relationship was volatile and, on one occasion, Claude punched a hole in the door of the couple's apartment during an argument. Ashley, then pregnant, moved back to Malta, her hometown. In an effort to reconcile, Claude also moved to Malta and promised that he would stop using alcohol and improve his behavior. One week later, in October of 2008, their child, D.N.S., was born. Ultimately, the attempt at reconciliation failed and Claude moved back to Charlo, his hometown, leaving Ashley and D.N.S. in Malta. Thereafter, D.N.S. resided primarily with Ashley in Malta. Based upon their stipulation, the District Court adopted an interim parenting plan which provided that Ashley would be the residential parent and Claude

2

would have gradually increasing visitation for periods of two to four consecutive days per month.

¶4     On August 18, 2009, a parenting plan hearing was held and after reviewing the proposed parenting plans of both Claude and Ashley, the District Court entered its order adopting Ashley's proposed parenting plan, requiring Claude to pay $379 per month in child support and ordering Claude to complete chemical dependency and anger management assessments.

¶5     On appeal, Claude challenges the District Court's adoption of Ashley's proposed plan, arguing that the District Court erred by rejecting his proposed parenting plan by selecting "which facts it wished to utilize," namely, Claude's allegedly violent tendencies, while ignoring credible evidence supporting his plan. He also argues that District Court erred by ignoring local child visitation guidelines, contradicting the goals of stability and continuity of care by imposing significant travel requirements upon him, erroneously presuming that D.N.S. should be placed with Ashley because she was the primary caregiver, and granting Ashley sole discretion as to the educational and religious upbringing of D.N.S.

¶6     We review a district court's findings of fact relating to custody to determine whether those findings are clearly erroneous. *In re Marriage of McClain*, 257 Mont. 371, 374, 849 P.2d 194 (1993). If findings upon which a district court's decision is predicated are not clearly erroneous, this Court will reverse the district court's decision only where an abuse of discretion is clearly demonstrated. *In re Paternity & Custody of A.D.V.*, 2001 MT 74, ¶ 8, 305 Mont. 62, 22 P.3d 1124.

3

¶7 The District Court did not ignore his evidence, as Claude argues, but rather acted in its role as the trier of fact to make credibility determinations and resolve conflicts in the evidence. In so doing, the District Court determined that the best interests of D.N.S. were served by adopting Ashley's proposed final parenting plan. The record supports this conclusion, and the visitation guidelines relied upon by Claude are merely advisory.

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and the record supports the final parenting plan adopted by the District Court.

¶9 Affirmed.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS
/S/ MICHAEL E WHEAT